Merrimack,
No. 4983.

James F. S. Sartorelli, *Adm'r & a.*

*v.*

Swenson Granite Company, Inc. *& a.*

Submitted May 2, 1962.
Decided June 29, 1962.

*Broderick, Manning & Sullivan* for the plaintiffs.

*Sulloway, Hollis, Godfrey & Soden* for the defendants.

WHEELER, J.   The plaintiff died on November 13, 1958 while the appeal was pending from the decision of the Commissioner of Labor, and James F. S. Sartorelli, administrator of his estate, appeared as party plaintiff.   Thereafter and before hearing in the Superior Court, the widow of James, Felicita, by agreement was permitted to intervene.

The plaintiff's decedent, James, was born in Italy in 1888 and had worked as a stone cutter since the age of twelve.   He came to the United States in 1910, and from that time until the termination of his employment with the defendant on April 30, 1957 had been engaged in the granite cutting business in various capacities in Rhode Island, Vermont and in this state.   His last period of employment with the defendant was from January 15, 1946 to April 30, 1957.   There were various unemployed periods during this time because of layoffs.

On January 12, 1957, the plaintiff was laid off and returned to work April 1, 1957.   There was evidence which tended to indicate that he was feeling well at that time.   There was other evidence that he had been feeling poorly for about six months prior to the

termination of his employment on April 30, 1957 when he ceased working because of shortness of breath, fatigue and a cold accompanied with a cough. He died on November 13, 1958. The death certificate gives the cause of death as "tuberculosis of lungs" as a result of a diagnosis "Aug., 1957."

Prior to his death, various X-rays were taken beginning in 1946 as a result of a program initiated by the defendant making X-ray facilities available periodically to its employees. The initial X-ray, read by physicians employed by the State Department of Health and the United States Public Health Service, indicated lung pathology. He was advised, according to established practice, to discuss the result with the Director of the Division of Hygiene of the State Department of Health. Various other X-rays were taken at periodic intervals. In 1957 he was examined by Dr. Forsberg on behalf of the defendant and as a result of further X-rays sputum tests were performed, and in September, 1957 the Division of Diagnostic Laboratories of the State Department of Health reported that the specimen showed "organisms resembling tubercle Bacilli." Thereafter, on September 19, 1957, Dr. Forsberg reported to defendant's insurer as follows: "On the basis of this very significant finding I believe that I can now modify my original opinion in this case and state that Mr. Sartorelli has an underlying first to second degree silicosis upon which is superimposed a tuberculosis cavity in the lower right lobe. This tuberculosis infection is far advanced; is the cause of his present disability, and undoubtedly will cause his death in the not too distant future."

The Court found that the decedent had a condition of silicosis at the beginning of his last employment with the defendant in January 1946, and that this condition never became a disabling disease, and was not totally disabling when the employment was terminated on April 30, 1957. The Court further found that the decedent's disability and subsequent death were due to tuberculosis, which did not result from or arise out of or in the course of his employment; and that the plaintiffs were not entitled to compensation.

These findings were warranted by the evidence. The record did not compel a finding that the decedent's disability, found to be due to tuberculosis, was a sudden manifestation of disease arising out of his employment (see *Eaton* v. *Proctor*, 85 N. H. 398; *Bolduc* v. *Company*, 96 N. H. 235; *Walter* v. *Hagianis*, 97 N. H. 314) entitling the plaintiffs to compensation under *ss.* 22-25 of the law, or

that it was caused by disease which was "the direct result of an accident arising out of and in the course of employment" within the meaning of s. 2 III of the law. Hence the plaintiff is not entitled to recover under the provisions of the statute relating to accidental injury.

The evidence did not require a finding that silicosis was a contributing factor to the decedent's tuberculosis, and since this occupational disease was found to have existed at commencement of the employment (s. 2 III, *supra*) any disability resulting from it was not compensable. *Boucher* v. *Swenson Granite Co.*, 104 N. H. 63. The result reached in this case and in *Boucher, supra,* prompts us to repeat what was said in the latter case, that the "Legislature might well find it in the public interest to review the original provisions providing compensation for silicosis and other pulmonary diseases together with the amendments thereto in order to determine if they clearly express their legislative intent." *Id.,* 67.

*Exceptions overruled.*

All concurred.